IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICK RONALD RUSSELL, | ) | 4:09CV3249 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, DENNIS | ) | |
| BAKEWELL, MELVIN ROUF, | ) | |
| CURTIS MOFFAT, MICHAEL | ) | |
| EDISON, and MARK DANNER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Reconsideration. (Filing No. 10.)

## I.  MOTION FOR RECONSIDERATION

On February 5, 2010, the court dismissed Plaintiff's Complaint without prejudice and entered Judgment against him because he failed to comply with the court's orders.  (Filing Nos. 8 and 9.)  Specifically, Plaintiff failed to pay the initial partial filing fee in this matter by the court's January 10, 2010, deadline.  (Filing No. 8 at CM/ECF p. 1.)

On February 19, 2010, Plaintiff filed his Motion for Reconsideration.  (Filing No. 10.)  In this Motion, Plaintiff asks the court to reconsider its February 5, 2010, Order and Judgment because he had good cause for failing to pay the initial partial filing fee on time.  (*Id*. at CM/ECF pp. 1-2.)  Plaintiff states he directed his institution's accounting office to pay the initial partial filing fee on December 24, 2009, but through no fault of his own, the institution failed to send payment until

-1-

February 9, 2010. (*Id*.; *see also* Docket Sheet.)  For good cause shown, the court will grant Plaintiff's Motion for Reconsideration and conduct an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## II.  INITIAL REVIEW OF COMPLAINT

### A.     Summary of Complaint

Plaintiff filed his Complaint on December 8, 2009, against six individuals. (Filing No. 1 at CM/ECF p. 1.)  Plaintiff is currently confined in the Lincoln Correctional Center in Lincoln, Nebraska.  (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendants are violating his Eighth Amendment rights by forcing him to cell with an inmate that he is incompatible with.  (Filing No. 1 at CM/ECF pp. 1-6.)  Plaintiff alleges he is incompatible with his cellmate because his cellmate (1) "stays awake until 3:00 am and sleeps until 11:00 am the next day," (2) "refuses to let [P]laintiff use the table to write," (3) "tries to control what [P]laintiff is watching on his own television set," (4) "blares his television through his headphones," (5) caused Plaintiff to injure his leg and ankle by removing "the non-skip [sic] strips from the [bunk] step[s]," (6) verbally abuses and threatens "plaintiff because of the television programs he watches," (7) violates prison regulations "by keeping cleanser and bleach in the cell," (8) and makes "unwanted sexual advances towards [P]laintiff." (*Id*. at CM/ECF pp. 3-5.) Plaintiff has informed Defendants about these issues on numerous occasions, but Defendants refuse to move Plaintiff.  (*Id*. at CM/ECF p. 3.)

Plaintiff lists two reasons why Defendants refuse to move him.  First, Defendants will not move Plaintiff, who is white, into an empty cell because "only black inmate[s]" can be moved into empty cells.  (*Id*. at CM/ECF p. 3.)  Second,

Plaintiff cannot find another cellmate because no other inmates will agree to let Plaintiff move into their cell.   (*Id*.)   Plaintiff seeks a court order that directs Defendants to move Plaintiff into an empty cell. (*Id*. at CM/ECF p. 6.)  Plaintiff also seeks monetary compensation in the amount of $556,850.00. (*Id*. at CM/ECF pp. 6-7.)

###   B.      Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)*. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002)* (citations omitted).

------

**C.    Discussion of Claims**

*1.    Equal Protection Claim*

The court liberally construes Plaintiff's Complaint to allege an equal protection claim against Defendants.   The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike, a protection that applies to prison inmates.  *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004).  In order to establish an equal protection claim, a prisoner must show that he was treated differently from similarly-situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right.  *Weems v. Little Rock Police Dep't*, 453 F.3d 1010, 1016 (8th Cir. 2006); *Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

Here, Plaintiff alleges that Defendants are treating him, a white inmate, differently than similarly situated black inmates.  (Filing No. 1 at CM/ECF p. 3.)  Specifically, Defendants refuse to move Plaintiff into an empty cell because only "black inmates" can be moved into empty cells.  (*Id.*)  Liberally construed, this allegation is sufficient to "nudge" Plaintiff's equal protection claim across the line from "conceivable to plausible."   However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

*2.    Eighth Amendment Claim*

In addition to his equal protection claim, the court liberally construes Plaintiff's Complaint to allege that Defendants are violating the Eighth Amendment's prohibition against cruel and unusual punishment by refusing to move Plaintiff into a different cell.  (*Id.* at CM/ECF p. 6.)  "The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a

right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). However, a prisoner asserting a violation of his Eighth Amendment rights must show that a defendant acted with "deliberate indifference." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). This deliberate indifference standard has both "an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a Defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (citation omitted).

Plaintiff alleges, among other things, that his cellmate caused Plaintiff to injure his leg and ankle by removing "the non-skip [sic] strips from the [bunk] step[s]." (*Id*. at CM/ECF pp. 4-5.) In addition, Plaintiff's cellmate makes threats and "unwanted sexual advances towards [P]laintiff." (*Id*.) Plaintiff has informed Defendants about these acts, but Defendants refuse to move Plaintiff to another cell. (*Id*. at CM/ECF p. 3.) Liberally construed, these allegations are sufficient to nudge Plaintiff's Eighth Amendment claim across the line from conceivable to plausible. Again, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for Reconsideration (filing no. 10) is granted.

2.    Plaintiff's claims against Defendants may proceed and service is now warranted.

3.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send TWELVE (12) summons forms and TWELVE (12) USM-285 forms (for service on Defendants in both their individual and official capacities) to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

4.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 28, 2010:** Check for completion of service of summons."

8.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 31ˢᵗ day of March, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.